UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CESAR ENRIQUE DEL ROSARIO JIMENEZ,

Petitioner,

v. Case No.: 2:26-cv-02554-SPC-NPM

WARDEN OF GLADES COUNTY DETENTION CENTER *et al*,

Respondents.
___________________________________/

**OPINION AND ORDER**

Before the Court are Cesar Enrique Del Rosario Jimenez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 7), and Del Rosario Jimenez's reply (Doc. 8).

Del Rosario Jimenez is a native of Venezuela who lawfully entered the United States with a B-2 visa on May 11, 2022. He has employment authorization and a pending asylum application. On June 12, 2026, local police arrested Del Rosario Jimenez for driving with a suspended license, and Immigration and Customs Enforcement (ICE) issued an immigration detainer. After Del Rosario Jimenez's family posted a $500 bond on June 16, 2026, he was transferred to ICE custody. He is currently detained at Glades County Detention Center, where he is not receiving adequate treatment for a life-threatening medical condition.

Immigration Judge Jennifer Mazza conducted a custody redetermination hearing on July 21, 2026, and denied bond with a generic order:

> Respondent failed to demonstrate that they do not present a risk of flight. See Matter of Guerra, 24 I&N Dec. 37, 40 (BIA 2006) and Matter of R-A-V-P-, 27 I&N Dec. 803 (BIA 2020)

(Doc. 1-1 at 6). In his habeas petition, Del Rosario Jimenez claims his detention violates the Due Process Clause of the Fifth Amendment because the bond hearing did not involve a meaningful and individualized assessment of the facts. The Court served the habeas petition on the Attorney General and the local U.S. Attorney's Office and ordered the government to respond by September 25, 2026. The government did not file a response.

Default judgment is not available in habeas corpus cases, so the Court must address Del Rosario Jimenez's uncontested due process claim on its merits. *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to

due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). In the adjudicative context, due process "requires that the decisionmaker actually considers the evidence and argument that a party presents." *de la Llana-Castellon v. I.N.S.*, 16 F.3d 1093, 1096 (10th Cir. 1994) (citing *Morgan v. United States*, 298 U.S. 468, 481 (1936)); *see also Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or offered an explanation that contradicts the evidence before it." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The custody redetermination hearing held here was not the meaningful, individualized assessment required by the Fifth Amendment. According to the generic bond order, Immigration Judge Mazza considered no facts and conducted no analysis before denying bond. An immigration court "denies due process to an alien when it acts as a mere rubber-stamp." *Abdulai*, 239 F.3d at 549-50 (internal quotation marks and citation omitted). That is what occurred here. As a result, Del Rosario Jimenez's detention violates his right to due process.

Accordingly, it is hereby **ORDERED**:

Cesar Enrique Del Rosario Jimenez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Del Rosario Jimenez and give him telephone access so he can arrange transportation from the detention facility.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on October 7, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record